**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

CV 14  4604

------------------------------------------------------------------X

EDWIN MARTINEZ

                            Plaintiff

            -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
JOHN DOE NUMBER 1, 2, 3, and 4 in their
individual and official capacities as employees
of the City of New York Police Department

                            Defendants

------------------------------------------------------------------X

C.V. No. _____

**COMPLAINT**

AMON, CH.J.

AZRACK, M.J.

(Jury Trial Demanded
of all issues)

      The Plaintiff EDWIN MARTINEZ, by his attorney AMY RAMEAU, ESQ., complaining of the defendant's alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff EDWIN MARTINEZ seeks relief for the defendant's violation of plaintiff's rights secured by the Fourth and Fourteenth Amendments to the constitution of the United States, and of rights secured under common law and the constitution of the State of New York.

2. Plaintiff seeks damages both compensatory and punitive, award of costs, interest, attorney's fees, and such other relief as the Court deems to be equitable and just.



## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. sec 1983 and sec. 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 42 U.S.C. sec 1983 and 28 U.S.C. sec. 1331 and 1343(3) and (4), this being an action seeking redress for violation of plaintiff's constitutional and Civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. sec. 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

5. The plaintiff EDWIN MARTINEZ is a legal permanent resident of the United States and was at all times herein a resident of the State of New York; the plaintiff is of full age to commence this action.

6. The defendants at all times hereinafter mentioned were and still are residents of the State of New York who are and were employed as a police officer by the defendant CITY OF NEW YORK; they are being sued individually and in their official capacity.

7. The defendant CITY OF NEW YORK at all times hereinafter mentioned was and still is a municipal organization organized by virtue of the laws of the State of New York.

## FACTUAL ALLEGATIONS

8. That on or about March 22, 2013 plaintiff was out and about when he was approached by two police officers who demanded he produce identification. Plaintiff complied immediately.

9. Plaintiff was subsequently placed under arrest as the subject of two separate alleged bench warrant, for indictment no. 10948-89 and 4592-89 out of the Kings County Supreme Court.

10. That the plaintiff protested and asserted that he was not and could not be the subject of any such bench warrant and requested that the defendant officers conduct the most minimal investigation which would reveal that he was not the subject of the alleged bench warrants.

11. That the defendant police officers failed, neglected and or refused to conduct even the most basic investigation or inquiry to determine if plaintiff was the subject of the warrant. Defendants disregarded all evidence tending to show that plaintiff was not the subject of the warrant and summarily arrested plaintiff.

12. That plaintiff was handcuffed and held in a public area in full view of the public for several hours. Plaintiff was taken to jail.

13. On March 25, 2013, plaintiff was taken to the Kings County Supreme Court, Part 20 thereof, where the defendants represented to the court that the plaintiff was the person sought by outstanding bench warrants despite the fact that the only characteristic plaintiff had in common with the warrant subject was a common similar name.

Plaintiff protested that he was not the subject of the bench warrants. Plaintiff was remanded.

14. Plaintiff was taken to Rickers Island where he remained incarcerated. Defendants did absolutely nothing during that time to confirm plaintiff's assertion that he was not the Edwin Martinez wanted by the state. Plaintiff was petrified when defendants told plaintiff that plaintiff would soon be extradited to Florida to face additional warrants. Plaintiff burst into tears.

15. On April 1, 2013, plaintiff was produced in Part 20 of the Supreme Court Kings County. At that time, plaintiff again protested that he was not the subject of the bench warrants at issue. Plaintiff was sent back to Ricker Island and released the following day, April 2, 2013.

16. That as a direct result of the aforementioned wrongful conduct of the defendants the plaintiff was caused to be remanded to be custody of the New York City Department of Corrections until he was released from custody by the court after, at least ten (10) days of incarceration.

17. Several months later, on or about June 11, 2014, plaintiff was again out and about in the Bronx when he was approached by two (2) police officers who requested identification. These officers subsequently placed plaintiff under arrest as the subject of the same two alleged bench warrants for indictment number 10949-89 and 4592-89 out of the Kings County Supreme Court.

18. That the plaintiff again protested and asserted that he was not and could not be the subject of any such bench warrant and requested that the defendant officers conduct

the most minimal investigation which would reveal that he was not the subject of the alleged bench warrants.

19. That the defendant police officers again failed, neglected and or refused to conduct even the most basic investigation or inquiry to determine if plaintiff was the subject of the warrants. Defendants disregarded all evidence tending to show that plaintiff was not the subject of the warrant and summarily arrested plaintiff.

20. That plaintiff was handcuffed and held in a public area in full view of the public for some time. Plaintiff was again taken to jail.

21. On June 12, 2014, plaintiff was taken to the Kings County Supreme Courts Part 20 thereof, where the defendants again represented to the court that the plaintiff was the person sought by outstanding bench warrants despite the fact that the only characteristic plaintiff had in common with the warrant subject was a common similar name. Plaintiff was again remanded.

22. Plaintiff was taken to Rickers Island where he remained incarcerated. Defendants did absolutely nothing during that time to confirm plaintiff's assertion that he was not the individual wanted by the state.

23. That as a direct result of the aforementioned wrongful conduct of the defendants the plaintiff was caused to be remanded to be custody of the New York City Department of Corrections until he was released from custody by the court after, at least six (6) days of incarceration.

## FIRST CAUSE OF ACTION

24. The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

25. The defendants acting under color of the state law, subjected plaintiff to the foregoing acts without due process of in violation of 42 U.S.C. Sec 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

a. Plaintiff was deprived of Fourth Amendment constitutional right to be free from reasonable searches and seizure of his person;

b. Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

c. Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law.

## SECOND CAUSE OF ACTION

26. The plaintiff repeats reiterates and re-alleges each and every allegation set fourth in paragraphs numbered "1" through "25" with the same force and effect as though fully set forth at length herein.

27. Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 Sec. 1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities.

(a) Plaintiff was deprived of his right to be free from unreasonable seizures of his person, in violation of Sec. 12 if the Constitution of New York;

(b) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of Sec. 6 of the Constitution of the State of New York;

(c) Plaintiff was deprived of his right to equal protection of the laws, in violation of Sec. 11 of the Constitution of the State of New York.

## THIRD CAUSE OF ACTION

28. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth in paragraphs numbered "1" through "27" as though fully set forth at length herein.

29. That the arrest, detention and imprisonment of plaintiff were wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

30. That the acts and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

31. That plaintiff was wholly innocent of the aforesaid criminal charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

32. That the defendants intended to confine the plaintiff and the plaintiff was conscious of such confinement and did not consent to his confinement.

33. The acts of defendants were willful and with malicious disregard of plaintiff's rights and is therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION

34. The Plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

35. That the said charges and subsequent proceedings were instituted and procured by the defendants, their agents, servants and the employees unlawfully, maliciously and without any reasonable and probable cause whatsoever therefore.

36. The plaintiff was innocent but was forced to submit to such criminal proceedings until said proceeding were terminated in plaintiff's favor.

37. That the aforesaid conduct constitute malicious prosecution under the laws of the State of New York

## FIFTH CAUSE OF ACTION

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in this complaint with the same force and effect as if fully set forth at length herein.

39. That the defendants, their agents, servants and employees negligently, carelessly and recklessly among other acts or commission, to"

  (a) Failed to perform their duties as a reasonable prudent police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, arrest and prosecution;

  (b) Hired and retained incompetent and unfit police officers whom they knew or should have known possessed aggressive properties and a lack of proper temperament.

  (c) Failed to exercise care instructing police officers as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained, taken into custody, as to the consequences of bringing false criminal charges, as to preparation and submission of false criminal charges;

  (d) Failed to adequately train and supervise their employees in regard to the decision to arrest and prosecute citizens.

  (e) Failed to establish meaningful procedures for disciplining or re-training officers who have engaged in such misconduct including officers who have been the subject of police misconduct claims

40. That upon information and belief, all the acts by the individual defendant was carried out with the full knowledge, consent and cooperation and under the supervisory authority of defendant CITY OF NEW YORK.

41. That upon information and belief the defendant CITY OF NEW YORK by its policy-making agents, servants and employees, authorized acts; and/or failed allowed or encouraged those acts to continue.

42. That the conduct of the individual defendant was consistent with long-standing customs, practice, and usages if police officers employed by defendant CITY OF NEW YORK.

43. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervising and policy making officers and officials of the police department and the CITY OF NEW YORK have not taken adequate steps to terminate

44. These policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs practices upon the constitutional rights of persons in the City of New York.

**WHEREFORE**, the plaintiff having been damaged by all of the aforesaid wrongful conduct demands the following relief jointly and severally against the defendants.

    A.    Compensatory damages
    B.    Punitive damages

C.  Attorney's fees together with costs and interest.

D.  Such other and further relief as to the Court seems just and equitable.

Dated: Brooklyn, New York
July 30, 2014

AMY RAMEAU, ESQ.
Attorney for Plaintiff
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575